**RUCHEE J. PATEL**
**ATTORNEY AT LAW**

Mobile (901) 213-6529                                                                                                100 Peabody Place, Suite 3453
ruchee.patel@gmail.com                                                                                                            Memphis, TN 38103

March 20, 2023

Scott Smith
Assistant United States Attorney
167 N. Main Street, Suite 800
Memphis, TN

    RE:  USA v. Brian Allen Rogers
         Case No. 22-CR-20273-TLP

Dear Mr. Smith:

I am appointed to represent Brian Allen Rogers.

1. **Statements.** All written and oral statements made by the defendant. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents and tapes in which statements of the defendant are contained. The substance of oral statements which the government intends to introduce are also requested. Fed.R.Crim.P. 16(a)(1)(A), (B) and Brady v. Maryland, 373 U.S. 83 (1963).

2. **Documents, Statements, Reports, Tangible Evidence.** Inspection and copying of books, papers, documents, photographs, statements, agents' reports and tangible objects, buildings or places. This is requested pursuant to Fed.R.Crim.P. 16(a)(1)(E)(i),(ii), and (iii). Any such item which is favorable to the defendant on the issue of guilt or which affects the credibility of any part of the government's case is also requested herein pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976).

3. **Prior Record & Other Act Evidence.** All evidence, documents, records of judgments, convictions, photographs, tangible evidence, and any information pertaining to any prior arrests and convictions or prior bad acts of the defendant. Evidence of prior record is available under Fed.R.Crim.P. 16(a)(1)(D), and evidence concerning other crimes or bad acts is discoverable pursuant to Fed.R.Evid. 404(b). This request also targets any prior conviction of the defendant which the government may seek to use for impeachment purposes pursuant to Fed.R.Evid. 609(a)(1). This request specifically includes the defendant's "rap" sheet and/or NCIC report, if any, concerning the defendant.

4. **Seized Evidence.** All evidence seized as a result of any search and/or seizure, with or without a warrant and intended for use in evidence by the government at the trial of this cause or otherwise included within the request in ¶2 above pursuant to Fed.R.Crim.P. 16(a)(1)(E)(i),(ii), and (iii).

5. **Notes, Memoranda, Reports, Statements.** All arrest reports, investigative notes, memoranda concerning the allegations against the defendant, statements of witnesses, and documents pertaining to the charges against the defendant. Fed.R.Crim.P. 16(a)(1)(B), (E); Fed.R.Crim.P. 26.2. Additionally, any witness interview notes or other memoranda which can reasonably be considered as a "statement attributable to the witness" is also requested herein. Goldberg v. United States, 425 U.S. 94 (1976).

6. **Bias Of Government Witnesses.** Any evidence which indicates that any prospective witness for the government in this cause is biased or prejudiced against the defendant, or otherwise has any motive to falsify, distort, or color his/her testimony is requested. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

7. **Impeachment Of Government Witnesses.** Any prior criminal record, conviction or criminal behavior by any prospective government witness is requested herein. Fed.R.Evid. 608(b); Brady v. Maryland, 373 U.S. 83 (1963).

8. **Pending Investigation Of Witnesses.** Any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal act or official misconduct. United States v. Chitty, 760 F.2d 425 (2d Cir.), cert. denied, 474 U.S. 945 (1985).

9. **Impeachment Evidence.** Any evidence, including any medical or psychiatric reports or evaluations, tending to show that any prospective witness' ability to perceive, recall and communicate truthfully about factual matters is impaired; and, further, any evidence that any prospective witness has used narcotic drugs or other controlled substances, including whether any such witness is or has been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980); United States v. Butler, 567 F.2d 885 (9th Cir. 1978).

10. **Personnel Records.** It is requested that the government review each agent's personnel file for any information requested herein and determine whether there is any impeaching information contained therein. United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

11. **Addresses Of Witnesses.** The name, address and phone number of each prospective government witness is requested. United States v. Neap, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 583 (9th Cir. 1983)(need to interview witnesses); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979)(defense equal right to talk with witnesses).

12. **Failed Polygraph.** Evidence that any prospective government Witness has failed a polygraph examination in connection with the witness's knowledge in this cause is requested. Bartholomew v. Wood, 34 F.3d 870 (9th Cir. 1994).

13. **Other Witnesses.** The last known address and phone number of any witness to the matters alleged in the indictment who will not be called as a government witness in the trial of this cause is requested. United States v. Cadet, 727 F.2d 1469 (9th Cir. 1984).

14. **Favorable Testimony.** The name, address and phone number of any witness who made any favorable statement concerning the defendant or who failed to identify her or was otherwise unsure of her participation in the crime alleged in the indictment is requested. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980); James v. Jag, 575 F.2d 1164, 1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1975).

15. **Jencks Material.** It is requested that the government provide any material subject to Fed.R.Crim.P. 26.2 in advance of trial and/or motion hearings.

16. **Expert's Resumes.** The curriculum vitae of any expert witness the government intends to call at the trial of this cause and a listing of any books, papers or treatises written by the expert which are relevant to the anticipated testimony is requested.

17. **Expert's Reports.** Production of any and all reports of examinations and/or tests is requested pursuant to Fed.R.Crim.P. 16(a)(1)(F). Additionally, it is further requested that the government provide a written summary of any testimony the government intends to use pursuant to Fed.R.Evid. 702, 703, or 705. Pursuant to Fed.R.Crim.P. 16(a)(1)(G), such summary must describe the witness's opinions, reasons for said opinions and qualifications.

18. **Confidential Informant.** The defendant requests the identity and a means of contact with regarding any confidential informant(s) who are percipient witnesses in this cause. Particularly, any promises or assurances made to said informants is requested to be disclosed to the defense.

19. **Witness Consideration.** The defense requests to be provided the details of any promises or "deals" or consideration of any kind provided to any government witness in this cause. This request also extends to any cooperation agreement or understanding involving a witness who is not called to testify or give evidence. Giglio v. United States, 405 U.S. 150 (1972); United States v. Shaffer, 789 F.2d 682 (9th Cir. 1986); United States v. Kojayan, 8 F.3d 1315 (9th Cir. 1993).

20. **Agent Inquiry.** It is requested that the government make inquiry of each government agent connected with this cause about the discovery requested herein. Kyles v. Whitley, 115 S.Ct. 1555 (1995).

21. **Grand Jury Minutes.** Production of the minutes of the grand jury is requested insofar as they demonstrate whether Fed.R.Crim.P. 6(b), (c), and (d) was satisfied.

22. **Grand Jury Transcripts.** All transcripts or recordings of proceedings before the grand jury are requested pursuant to Fed.R.Crim.P. 16(a)(3), 6, 12(h), and 26.2.

23. **Refusal.** In the event that the government declines to provide any item requested herein, it is requested that such refusal be stated in writing.

24. **Other Information.** The defendant requests that the government state whether the defendant was identified in any lineup, showup, photo spread or other similar procedure; and, further, that the government provide the defendant with any pictures or other things used in such procedure together with the names and identifying data concerning any identifying witness. It is further requested that the government state whether the defendant is an aggrieved person, as defined in 18 U.S.C. §2510(11), or any electronic surveillance together with the detailed circumstances of such surveillance.

Your cooperation is genuinely appreciated.

Respectfully Submitted,

*Ruchee J. Patel*

Ruchee J. Patel
Attorney for Defendant